**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL TURTURRO, | : | |
| | : | Civil No. 09-5317 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    PAUL TURTURRO, Petitioner pro se
    #75344-044
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**BUMB, District Judge**

    Petitioner, Paul Turturro ("Turturro"), a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Turturro names the Federal Bureau of Prisons ("BOP") and Paul M. Schultz, Warden at FCI Fairton where petitioner is confined, as the party respondents in this action.

    For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

I.  BACKGROUND

The following facts are taken from the petition, and are assumed true for purposes of this decision.  Turturro brings this habeas action under § 2241, challenging a prison disciplinary sanction concerning the loss of telephone privileges, which Turturro seeks to have set aside and have his telephone privileges reinstated.

Turturro alleges that he is currently confined at FCI Fairton pursuant to a federal criminal conviction rendered by the United States District Court for the Southern District of Florida, for conspiracy to file false income tax returns.  He states that since he has been confined at FCI Fairton, he has been deprived of telephone privileges in connection with a purported violation of prison telephone regulations for inmates, namely BOP Program Statement 5264.08.  Turturro states that he has exhausted all administrative appeals and remedies available to him.

The disciplinary action occurred while Turturro was confined in a Florida state prison (Moorehaven Correctional Institution).  Turturro was found to have implemented a scheme to have a female on the street prepare tax returns for inmates by using substitute W-2 forms.  Turturro spoke in code over the prison telephone system to accomplish his tax return scheme.  Under BOP Program Statement 5264.08, the Warden of a BOP facility is authorized to

restrict or suspend an inmate's regular telephone privileges when there is reasonable suspicion that an inmate has acted in a way that would indicate a threat to the institution's order and security. On March 13, 2009, in response to Turturro's request for administrative remedy, Warden Schultz denied petitioner's request for reinstatement of telephone privileges for the following reasons:

> The telephone restriction you received on March 5, 2009, is necessary due to several mitigating factors. These factors include information obtained from your Pre-Sentence Investigation Report (PSI). Specifically, your PSI states you were housed at the Moorehaven Correctional Institute in Florida, where you devised a scheme to have a female on the street prepare tax returns for inmates by using substitute W-2 forms. You also spoke in code over the institution telephone system to do this.
>
> Program Statement 5264.08, entitled <u>Telephone Regulations for Inmates</u>, dated January 24, 2008, states there is no constitutional right for inmates to have unrestricted telephone communications. Telephone privileges are a supplemental means of maintaining community and family ties. The primary means of communication is written correspondence, with telephone and visiting privileges serving as two supplemental methods.

(<u>See</u> Complaint at Exhibit 4).

Turturro asks this Court to (1) issue a writ of habeas corpus, (2) conduct a hearing on the deprivation of telephone privileges, (3) set aside the disciplinary sanction, and (4) reinstate his telephone privileges.

II.  DISCUSSION

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Habeas Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the petitioner is "in custody" and (2) the custody is in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989). The statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d , 342 n.3 (3d Cir. 2004)(quoting Maleng, 490 U.S. at 490-91). "Habeas corpus relief is available to a prisoner who has been sanctioned in violation of due process to a loss of good conduct time." Robinson v. Warden, 250 Fed. Appx. 462, 464 (3d Cir. 2007). However, the United States Court of Appeals for the

5

Third Circuit has held that a district court does not have subject matter jurisdiction over a § 2241 habeas petition that does not challenge the fact or duration of confinement. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005); Burnam v. Marberry, No. 07-97, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008)(holding that court did not have jurisdiction over § 2241 petition challenging security level of inmate because security level does not change fact or duration of prisoner's confinement). Therefore, a challenge to sanctions that do not affect the fact or duration of a petitioner's prison sentence "may not be entertained in a habeas case." Robinson v. Warden, FCI Fort Dix, Civil No. 07-1469 (JBS), 2007 WL 1140462, *1 n. 1 (D.N.J. Apr. 16, 2007), aff'd, 250 Fed. Appx. 462 (3d Cir. 2007).

    Here, it is plain from the face of the petition that Turturro is challenging only the restrictions on his telephone privileges and is seeking a reinstatement of those privileges. Turturro does not challenge the fact or duration of his confinement in this petition. Therefore, this Court lacks subject matter jurisdiction and the petition will be dismissed accordingly.[1]

---

    [1] This Court does not opine as to whether Turturro may have a civil rights claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, if

6

**CONCLUSION**

For the reasons set forth above, the Court will dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 26, 2010

---

petitioner seeks to proceed with a separate civil complaint under Bivens, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis*. However, this Court does note that generally, the loss of telephone privileges sanction does not work an "atypical and significant hardship" on Turturro because it does not serve to extend his confinement beyond the expected parameters of his sentence. See Sandin v. Connor, 515 U.S. 472, 484-85 (1995). Under certain circumstances, liberty interests may arise under the Due Process Clause or by operation of state law or regulations. Sandin, 515 U.S. at 483-84. Sandin also applies to Fifth Amendment claims involving federal prison regulations. Castillo v. FBOP, No. 05-5076, 2006 WL 1764400, *3 (D.N.J. June 23, 2006), aff'd, 221 Fed. Appx. 172 (3d Cir. 2007). Such liberty interests are implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment." Sandin, 515 U.S. at 484-86. Disciplinary action by federal prison officials in response to a wide range of misconduct is not atypical but rather, falls within the expected parameters of a sentence imposed by a court of law. Id. at 485. Consequently, Turturro may not be able to show a constitutionally protected liberty interest in the loss of telephone privileges should he choose to bring a separate civil rights complaint.